**DREW WILSON, CA Bar No. 283616**
drew.wilson@wbd-us.com
**WOMBLE BOND DICKINSON (US) LLP**
**655 N. Central Ave., Suite 2300**
**Glendale, CA 91203-1445**
**Telephone: (626) 795-9900**
**Facsimile: (626) 577-8800**

Attorneys for Plaintiff
*Dr. Hu, a Professional Dental Corporation*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. HU, A PROFESSIONAL DENTAL CORPORATION, a California Professional corporation,<br><br>Plaintiff,<br><br>vs.<br><br>DR. LUCY HALLAJIAN, an individual; and LUCY HALLAJIAN DDS INC., a California Professional corporation,<br><br>Defendants. | Case No. 2:25-cv-07499<br><br>**COMPLAINT FOR:**<br><br>**(1) FEDERAL TRADEMARK INFRINGEMENT [15 U.S.C. § 1114];**<br><br>**(2) FALSE DESIGNATION OF ORIGIN; [15 U.S.C. § 1125(a)];**<br><br>**(3) UNFAIR COMPETITION [Cal. Bus. & Prof. Code § 17200 *et seq.*];**<br><br>**(4) COMMON LAW TRADEMARK INFRINGEMENT;**<br><br>and<br><br>**(5) COMMON LAW UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Dr. Hu, a Professional Dental Corporation d/b/a Little Grins Pediatric Dentistry ("Little Grins" or "Plaintiff"), by and through its attorneys, asserts this Complaint against Dr. Lucy Hallajian, ("Dr. Hallajian") and Lucy Hallajian DDS Inc. d/b/a Grin & Little Pediatric Dentistry ("GLPD") (collectively, "Defendants") (with Plaintiff, the "Parties") as set forth below.

## THE PARTIES

1. Little Grins is a California Professional corporation organized and existing under the laws of the State of California, having a principal place of business at 120 North Grand Ave., Glendora, California 91741.

2. On information and belief, Dr. Hallajian is an individual and a resident of Los Angeles County, California.

3. On information and belief, GLPD is a California Professional corporation organized and existing under the laws of the State of California, having its principal place of business at 19500 Ventura Blvd., Suite 240, Tarzana, CA, 91356.

## JURISDICTION AND VENUE

4. This is an action for federal trademark infringement under 15 U.S.C. § 1114 *et seq.*, false designation of origin under 15 U.S.C. § 1125(a), violation of California Business and Professions Code § 17200, common law trademark infringement, and California common law unfair competition.

5. This Court has jurisdiction over the subject matter of this lawsuit pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a) and (b). This Court has supplemental jurisdiction over Little Grins' state law claims pursuant to 28 U.S.C. § 1367 because those claims are so related to the federal claims that they form part of the same case or controversy.

6. On information and belief, Dr. Hallajian is the owner, Chief Executive Officer, Chief Financial Officer, and Secretary of GLPD.

7. This Court has personal jurisdiction over Defendants by virtue of their transacting, doing, and soliciting business in this district, by having its principal place of business in this district, by targeting Little Grins in this district, by causing harm in this district, and because a substantial part of the relevant events occurred in this district.

8. Venue is proper in this judicial district under 28 U.S.C. § 1392(b) because a substantial part of the events or omissions giving rise to Little Grins' claims occurred in this judicial district, and Defendants are residents of this district.

**Development and Ownership of the LITTLE GRINS Trademark**

9. Little Grins adopted and began using the LITTLE GRINS trademark in connection with its dentistry services, specifically, pediatric dentistry services, at least as early as August 1, 2021.

10. Little Grins has advertised its dentistry services in connection with the LITTLE GRINS trademark in various platforms and on various media, including but not limited to Instagram. Little Grins' Instagram account featuring its prominent use of the LITTLE GRINS trademark is available at https://www.instagram.com/littlegrinsglendora/

11. Through its extensive advertising, long term use, and quality services provided in connection with the LITTLE GRINS trademark, Little Grins has acquired significant secondary meaning in the LITTLE GRINS trademark in the minds of relevant consumers who now associate the mark with Little Grins, and who use the trademark to differentiate the services offered by Little Grins from the services offered by others.

12. Little Grins is the owner of U.S. Trademark Registration No. 6,984,772 (the "'772 Registration") for the standard character wordmark LITTLE GRINS for "Dentistry services." The application that matured into the '772 Registration was filed on January 19, 2022, and issued as a registration on

February 21, 2023. A copy of the status page for the '772 Registration showing that the registration is live and owned by Little Grins is attached as Exhibit 1.

13. Little Grins current facility where it offers dentistry services in connection with the LITTLE GRINS mark is located in Glendora, California.

14. Little Grins targets customers in the Southern California area for the services that it offers in connection with the LITTLE GRINS trademark, with many patients driving over 60 miles for its services. However, its advertisements are national in scope and some patients are located outside of the Southern California region.

15. Little Grins' primary customers are those with young children who seek pediatric dentistry services.

16. Many of the services that Little Grins offers in connection with the LITTLE GRINS trademark are relatively inexpensive, with some basic services costing less than $100.

17. Sometimes the services that Little Grins offers in connection with the LITTLE GRINS trademark are needed by customers on an emergency or urgent basis.

18. Because of Little Grins' long and continuous use of the LITTLE GRINS trademark, and Little Grins' significant sales and/or provision of services in connection with the LITTLE GRINS trademark, the LITTLE GRINS trademark is a commercially strong trademark when used in connection with dentistry services.

19. The trademark LITTLE GRINS is arbitrary when used in connection with dentistry services, meaning that the mark is conceptually strong.

20. Little Grins intends to open additional dentistry offices that provide dentistry services in connection with the LITTLE GRINS trademark throughout the Southern California area.

**Defendants' Infringing Use of GRIN & LITTLE Trademark**

21. On information and belief, Dr. Hallajian is a pediatric dentist who offers pediatric dentistry services in connection with the GRIN & LITTLE trademark through her company, co-defendant GLPD, in Tarzana, California.

22. On information and belief, Dr. Hallajian controls and directs all of the activities of defendant GLPD, including but not limited to its use and adoption of the GRIN & LITTLE trademark. Dr. Hallajian is the owner, Chief Executive Officer, Chief Financial Officer, and Secretary of GLPD.

23. On information and belief, Defendants have been using the GRIN & LITTLE trademark for less than a year. Defendants' Instagram page notes that the office is "Coming Fall 2024."

24. On information and belief, the Parties' trademarks have a highly similar sight, sound, and meaning as the parties' marks both contain the primary words "GRIN" and "LITTLE" only with their order reversed.

25. On information and belief, GLPD's office where Defendants offers dentistry services in connection with the GRIN & LITTLE trademark is approximately 42 miles from the office where Little Grins offers dentistry services in connection with the LITTLE GRINS trademark.

26. On information and belief, Defendants target the same customers for the services they offer in connection with the GRIN & LITTLE trademark that Little Grins targets for the services it offers in connection with the LITTLE GRINS trademark.

27. On information and belief, Defendants advertise their services in the same marketing channels in connection with the GRIN & LITTLE trademark that Little Grins advertises its services in connection with LITTLE GRINS.

28. On information and belief, like Little Grins, Defendants advertise their services on Instagram. On information and belief, GLPD's Instagram account is https://www.instagram.com/grinandlittle/

-4-

29. On information and belief, Defendants adopted the GRIN & LITTLE trademark with knowledge of Little Grin's use of the LITTLE GRINS trademark.

30. On information and belief, the GRIN & LITTLE trademark is not the subject of a federal or state trademark registration that is owned by Defendants.

## FIRST CLAIM FOR RELIEF
## (Federal Trademark Infringement)
## [15 U.S.C. §§ 1114]

31. Little Grins realleges and incorporates by reference paragraphs 9-30 as though fully set forth herein.

32. On information and belief, Little Grins has both priority of use and of registration of the subject mark of the '772 Registration over Defendants' use of the GRIN & LITTLE trademark.

33. On information and belief, the words "little" and "grin" are the dominant portion of Defendants' GRIN & LITTLE trademark.

34. On information and belief, the words "little" and "grin" are the dominant portions of the subject mark of the '772 Registration.

35. On information and belief, the subject mark of the '772 Registration and Defendants' GRIN & LITTLE trademark have substantially the same sight, sound, and meaning.

36. On information and belief, the subject mark of the '772 Registration is commercially and conceptually strong when used in connection with the services claimed by the '772 Registration.

37. On information and belief, the Parties offer the same services in connection with their respective marks.

38. On information and belief, the Parties target the same customers for the services that they offer in connection with their respective marks.

39. On information and belief, the Parties use many of the same marketing channels for the services that they offer in connection with their respective mark.

40. On information and belief, the Parties offer some services in connection with their respective marks that are relatively inexpensive, meaning that consumers do not exercise a great deal of care when selecting the services. The services that the Parties offer in connection with their respective marks can also be needed on an urgent or emergency basis, meaning that some potential customers do not have time to exercise a great deal of care when selecting the services.

41. On information and belief, Defendants selected the LITTLE GRINS trademark with the intention to freeride on the goodwill associated with the subject mark of the '772 Registration.

42. Defendants' advertising, offering, and provision of dentistry services in connection with the GRIN & LITTLE trademark is likely to cause confusion or mistake or to deceive consumers and, therefore, violates Little Grins' federally registered trademark rights in Little Grins' '772 Registration, rendering Defendants liable for trademark infringement pursuant to 15 U.S.C. § 1114.

43. Little Grins has been damaged by Defendants' trademark infringement by reason of the likelihood that consumers, potential customers, businesses, retailers, and distributors are likely to be confused as to the source or affiliation, sponsorship, or approval of Defendants' and/or Little Grins' services.

44. By reason of Defendants' actions alleged herein, Little Grins has suffered irreparable injury to its goodwill.

45. On information and belief, Defendants' acts of trademark infringement have been willful and taken without regard to Little Grins' established rights.

46. Unless enjoined by this Court, Defendants will continue to infringe Little Grins' federally registered LITTLE GRINS trademark by marketing and providing dentistry services in connection with the GRIN & LITTLE trademark,

1 thereby deceiving the public and causing Little Grins immediate and irreparable damages for which Little Grins has no adequate remedy at law.

47. Little Grins is informed and believes and, upon that basis, alleges that Defendants' acts have been willful, wanton, malicious, and oppressive or committed with a reckless disregard for Little Grins' trademark rights. Little Grins is, therefore, entitled to recover trebled damages suffered by Little Grins as a result of Defendants' willful and deliberate acts.

## SECOND CLAIM FOR RELIEF
### (False Designation of Origin)
### [15 U.S.C. § 1125(a)]

48. Little Grins realleges and incorporates by reference paragraphs 9-30 as though fully set forth herein.

49. On information and belief, Little Grins has priority of use of the LITTLE GRINS trademark over Defendants' use of the GRIN & LITTLE trademark.

50. On information and belief, the words "little" and "grin" are the dominant portion of Defendants' GRIN & LITTLE trademark.

51. On information and belief, the words "little" and "grin" are the dominant portions of the LITTLE GRINS trademark.

52. On information and belief, the LITTLE GRINS trademark and Defendants' GRIN & LITTLE trademark have substantially the same sight, sound, and meaning.

53. On information and belief, the LITTLE GRINS trademark is commercially and conceptually strong when used in connection with dentistry services.

54. On information and belief, the Parties offer the same services in connection with their respective marks.

55. On information and belief, the Parties target the same customers for the services that they offer in connection with their respective marks.

56. On information and belief, the Parties use many of the same marketing channels for the services that they offer in connection with their respective mark.

57. On information and belief, the Parties offer some services in connection with their respective marks that are relatively inexpensive, meaning that consumers do not exercise a great deal of care when selecting the services. The services that the Parties offer in connection with their respective marks can also be needed on an urgent or emergency basis, meaning that some potential customers do not have time to exercise a great deal of care when selecting the services.

58. Defendants' advertising, offering, and provision of dentistry services in connection with the GRIN & LITTLE trademark constitutes a false designation of origin and false description that is likely to cause confusion or mistake or to deceive as to the affiliation, connection, or association of Defendants with Little Grins, in violation of 15 U.S.C. § 1125(a).

59. Defendants' activities in advertising, offering, and provision of dentistry services in connection with the GRIN & LITTLE trademark constitutes an attempt by Defendants to profit from Little Grins' reputation and goodwill from those likely to believe that Defendants' services have the same characteristics or qualities of Little Grins.

60. Little Grins is informed and believes, and upon that basis alleges, that Defendants' acts have been willful, wanton, malicious, and oppressive, or as committed with a reckless disregard for Little Grins' rights. Little Grins is, therefore, entitled to recover trebled damages suffered by Little Grins as a result of Defendants' willful and deliberate acts.

61. Little Grins has no adequate remedy at law and Defendants' unlawful conduct will continue to damage Little Grins unless immediately enjoined by this Court.

## THIRD CLAIM FOR RELIEF

### (California Business and Professions Code § 17200)

62. Little Grins realleges and incorporates by reference paragraphs 9-30 as though fully set forth herein.

63. On information and belief, Little Grins has priority of use of the LITTLE GRINS trademark over Defendants' use of the GRIN & LITTLE trademark.

64. On information and belief, the words "little" and "grin" are the dominant portion of Defendants' GRIN & LITTLE trademark.

65. On information and belief, the words "little" and "grin" are the dominant portions of the LITTLE GRINS trademark.

66. On information and belief, the LITTLE GRINS trademark and Defendants' GRIN & LITTLE trademark have substantially the same sight, sound, and meaning.

67. On information and belief, the LITTLE GRINS trademark is commercially and conceptually strong when used in connection with dentistry services.

68. On information and belief, the Parties offer the same services in connection with their respective marks.

69. On information and belief, the Parties target the same customers for the services that they offer in connection with their respective marks.

70. On information and belief, the Parties use many of the same marketing channels for the services that they offer in connection with their respective mark.

71. On information and belief, the Parties offer some services in connection with their respective marks that are relatively inexpensive, meaning that

-9-

1  consumers do not exercise a great deal of care when selecting the services. The services that the Parties offer in connection with their respective marks can also be needed on an urgent or emergency basis, meaning that some potential customers do not have time to exercise a great deal of care when selecting the services.

72. Defendants' advertising, offering, and provision of dentistry services in connection with the GRIN & LITTLE trademark constitutes a violation of California Business and Professions Code § 17200 as it is likely to cause confusion or mistake or to deceive as to the affiliation, connection, or association of Defendants with Little Grins.

73. Defendants' activities in advertising, offering, and provision of dentistry services in connection with the GRIN & LITTLE trademark constitutes an attempt by Defendants to profit from Little Grins' reputation and goodwill from those likely to believe that Defendants' services have the same characteristics or qualities of Little Grins'.

74. Little Grins has no adequate remedy at law and Defendants' unlawful conduct will continue to damage Little Grins unless immediately enjoined by this Court.

## FOURTH CLAIM FOR RELIEF
### (Common Law Trademark Infringement)

75. Little Grins realleges and incorporates by reference paragraphs 9-30 as though fully set forth herein.

76. On information and belief, Little Grins has priority of use of the LITTLE GRINS trademark over Defendants' use of the GRIN & LITTLE trademark.

77. On information and belief, the words "little" and "grin" are the dominant portion of Defendants' GRIN & LITTLE trademark.

78. On information and belief, the words "little" and "grin" are the dominant portions of the LITTLE GRINS trademark.

79. On information and belief, the LITTLE GRINS trademark and Defendants' GRIN & LITTLE trademark have substantially the same sight, sound, and meaning.

80. On information and belief, the LITTLE GRINS trademark is commercially and conceptually strong when used in connection with dentistry services.

81. On information and belief, the Parties offer the same services in connection with their respective marks.

82. On information and belief, the Parties target the same customers for the services that they offer in connection with their respective marks.

83. On information and belief, the Parties use many of the same marketing channels for the services that they offer in connection with their respective mark.

84. On information and belief, the Parties offer some services in connection with their respective marks that are relatively inexpensive, meaning that consumers do not exercise a great deal of care when selecting the services. The services that the Parties offer in connection with their respective marks can also be needed on an urgent or emergency basis, meaning that some potential customers do not have time to exercise a great deal of care when selecting the services.

85. Defendants' advertising, offering, and provision of dentistry services in connection with the GRIN & LITTLE trademark constitutes common law trademark infringement and is likely to cause confusion or mistake or to deceive as to the affiliation, connection, or association of Defendants with Little Grins, in violation of California Common Law.

86. Little Grins has been damaged by Defendants' trademark infringement by reason of the likelihood that consumers, potential customers,

businesses, retailers, and distributors are likely to be confused as to the source or affiliation, sponsorship, or approval of Defendants' and/or Little Grins' services.

87. By reason of Defendants' actions alleged herein, Little Grins has suffered irreparable injury to its goodwill.

88. On information and belief, Defendants' acts of common law trademark infringement were willful and taken without regard to Little Grins' established rights.

89. Unless enjoined by this Court, Defendants will continue to infringe Little Grins' common law LITTLE GRINS trademark by marketing and providing dentistry services in connection with the GRIN & LITTLE trademark, thereby deceiving the public and causing Little Grins immediate and irreparable damages for which Little Grins has no adequate remedy at law.

90. Little Grins is informed and believes and, upon that basis, alleges that Defendants' acts have been willful, wanton, malicious, and oppressive or committed with a reckless disregard for Little Grins' trademark rights.

## FIFTH CLAIM FOR RELIEF
### (Common Law Unfair Competition)

91. Little Grins realleges and incorporates by reference paragraphs 9-30 as though fully set forth herein.

92. On information and belief, Little Grins has priority of use of the LITTLE GRINS trademark over Defendants' use of the GRIN & LITTLE trademark.

93. On information and belief, the words "little" and "grin" are the dominant portion of Defendants' GRIN & LITTLE trademark.

94. On information and belief, the words "little" and "grin" are the dominant portions of the LITTLE GRINS trademark.

95. On information and belief, the LITTLE GRINS trademark and Defendants' GRIN & LITTLE trademark have substantially the same sight, sound, and meaning.

96. On information and belief, the LITTLE GRINS trademark is commercially and conceptually strong when used in connection with dentistry services.

97. On information and belief, the Parties offer the same services in connection with their respective marks.

98. On information and belief, the Parties target the same customers for the services that they offer in connection with their respective marks.

99. On information and belief, the Parties use many of the same marketing channels for the services that they offer in connection with their respective mark.

100. On information and belief, the Parties offer some services in connection with their respective marks that are relatively inexpensive, meaning that consumers do not exercise a great deal of care when selecting the services. The services that the Parties offer in connection with their respective marks can also be needed on an urgent or emergency basis, meaning that some potential customers do not have time to exercise a great deal of care when selecting the services.

101. Defendants' advertising, offering, and provision of dentistry services in connection with the GRIN & LITTLE trademark constitutes common law unfair competition and is likely to cause confusion or mistake or to deceive as to the affiliation, connection, or association of Defendants with Little Grins, in violation of California Common Law.

102. Defendants' activities in advertising, offering, and provision of dentistry services in connection with the GRIN & LITTLE trademark constitutes an attempt by Defendants to profit from Little Grins' reputation and goodwill from

-13-

those likely to believe that Defendants' services have the same characteristics or qualities of Little Grins'.

103. Little Grins is informed and believes, and upon that basis alleges, that Defendants' acts have been willful, wanton, malicious, and oppressive, or as committed with a reckless disregard for Little Grins' rights.

104. Little Grins has no adequate remedy at law and Defendants' unlawful conduct will continue to damage Little Grins unless immediately enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Little Grins prays as follows:

1. For an order entering judgment that Defendants have infringed Little Grins' exclusive rights in the subject mark of the '772 Registration under § 32 of the Lanham Act, 15 U.S.C. § 1114;

2. For an order entering judgment that Defendants have infringed Little Grins' exclusive rights in the LITTLE GRINS trademark under § 43 of the Lanham Act, 15 U.S.C. § 1125;

3. For an order entering judgment that Defendants have engaged in unfair business practices in violation of the California Business and Professions Code § 17200;

4. For an order entering judgment that Defendants have violated Little Grins' common law rights under California common law;

5. For an order entering judgment that Defendants have competed unfairly with Little Grins under California common law;

6. For an order entering judgment that Defendants acts of trademark infringement and unfair competition were willful;

7. For an order preliminarily and permanently enjoining Defendants, all of their agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority

from Defendants, or in concert or participation with Defendants, and each of them, from:

    a.    using the LITTLE GRINS and/or GRIN & LITTLE trademark on or in connection with any of Defendants' services;

    b.    using trademark, name, logo, design, or source designation of any kind on or in connection with Defendants' services that contains the words "GRIN" and "LITTLE" within 3 words of each other regardless of the order or conjugation;

    c.    using any trademark, name, logo, design, or source designation of any kind on or in connection with Defendants' services that is a copy, reproduction, colorable imitation, or simulation of, or confusingly similar to any of Little Grins' trademarks, trade dresses, names, or logos;

    d.    using any trademark, name, logo, design, or source designation of any kind on or in connection with Defendants' goods and/or services that is likely to cause confusion, mistake, deception, or public misunderstanding that such good or services are produced or provided by Little Grins, or are sponsored or authorized by Little Grins, or are in any way connected or related to Little Grins;

8. That Little Grins be awarded all damages caused by the acts forming the basis of this Complaint;

9. That Little Grins be awarded the profits that Defendants made from the services that it provided in connection with the infringing GRIN & LITTLE trademark;

10. Based on Defendants' knowing and intentional use of a confusingly similar imitation of the LITTLE GRINS trademark, for the damage awarded be

trebled and the award of Defendants' profits be enhanced as provided for by 15 U.S.C. § 1117(a);

11. For an order requiring Defendants to pay to Little Grins the costs and reasonable attorneys' fees incurred by Little Grins in this action pursuant to 15 U.S.C. § 1117(a), and the relevant state statutes cited in this Complaint;

12. Based on Defendants' willful and deliberate infringement of the LITTLE GRINS trademark, unfair competition, and other conduct described in this Complaint, and to deter such conduct in the future, for Little Grins to be awarded punitive and exemplary damages;

13. For an award to Little Grins of prejudgment and post-judgment interest on all monetary awards; and

14. For such other and further relief as this Court deems just and proper.

Dated: August 12, 2025  Respectfully submitted,
WOMBLE BOND DICKINSON (US) LLP

By  /s/Drew Wilson
    Drew Wilson

Attorneys for Plaintiff
*Dr. Hu, a Professional Dental Corporation*

-16-

## DEMAND FOR JURY TRIAL

Plaintiff Dr. Hu, a Professional Dental Corporation demands a jury trial of all issues in this action so triable.

Dated: August 12, 2025

Respectfully submitted,

WOMBLE BOND DICKINSON (US) LLP

By  */s/Drew Wilson*
  Drew Wilson

Attorneys for Plaintiff
*Dr. Hu, a Professional Dental Corporation*

-17-